UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22834-CIV-TORRES

SAMUEL ROSS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER

This matter is before the Court on former Plaintiff's counsel's Motion to Deposit Funds Into Court Registry [D.E. 80] and Defendant's Motion for Disbursement of Funds [D.E. 83]. Upon review of the motions and the record, the Court will grant each motion as follows. The Court will also enter an Order to Show Cause why Plaintiff's Motion to Discharge Liens by Prior Counsel [D.E. 81] should not be granted in its entirety by default.

1.    Plaintiff's former counsel in this case have apparently filed timely notices of charging liens in connection with legal fees owed to them before Plaintiff's discharge of these lawyers in the case. A pending dispute appears to exist with respect to the amount of fees, if any, that should be awardable in the case, as evidenced by the Plaintiff's motion to discharge the liens that is now ripe for disposition by default. [D.E. 81].

2. As former counsel initially requested an Order to deposit disputed funds in the Court registry, and following the filing of an emergency motion by the Defendant in the case to obtain guidance as to how to proceed with payment of the settlement amounts owed to Plaintiff, the Court will grant the former's counsel motion and direct Defendant to deposit the disputed funds into the Court registry and disburse the remaining settlement funds to Plaintiff as per the parties' settlement agreement.

3. The issue of the amount of the disputed funds is settled by the former counsel's own charging liens that properly attached billing records supporting counsel's claim to fees. It is well established under Florida law that, where an attorney is to be compensated on a contingent fee basis and has been discharged prior to the occurrence of the contingency, the attorney is entitled to recover the reasonable value of his services pursuant to the equitable doctrine of quantum meruit, as modified by the Supreme Court. *See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz,* 652 So. 2d 366, 368 (Fla. 1995); *Rosenberg v. Levin,* 409 So. 2d 1016, 1021 (Fla. 1982).

4. The Court's review of the former counsel's billing records shows that the disputed gross fee amount in this case is $76,814.33 for both law firms that formerly represented Plaintiff in this action. Contrary to what is stated in the initial motion to deposit funds, however, only this amount is at issue under the charging liens that may be adjudicated in this case. Nor has there been any showing by Plaintiff's former counsel why the modified quantum meruit rule does not apply in the case. Therefore, the disputed funds shall be deposited into the court registry, reduced from the total amount due and owing by Defendant to Plaintiff in the case upon the parties'

settlement. Defendant shall, therefore, disburse this amount into the Court registry, which resolves the prejudice and concern cited in Defendant's own motion as to its duties and obligations under the charging liens filed in the case.

5.  Defendant shall then be able to make full payment of the remaining amounts due under the settlement to Plaintiff as agreed by the terms of that agreement.

6.  The entry of this Order is not intended to be a final resolution of the amounts of the disputed charging liens. But for that purpose, the Court notes that Plaintiff's former counsel have not timely responded to present counsel's Motion to Discharge Liens [D.E. 81], which argues that former counsel have forfeited any right to payment of any past fees or, alternatively, argues that such payment should be reduced. Under S.D. Fla. Local R. 7.1, the failure to timely respond to the motion allows the Court to grant the motion in its entirety by default. The Court will refrain from doing so for now unless a timely response is not filed in five days that also shows cause why a timely response has not already been filed. If no filing is made in response to this Order, Plaintiff's pending motion to discharge the liens shall be granted and the matter closed.

7.  If convenient, wire transfer instructions are appended hereto for the deposit of the disputed funds into the Court registry, although payment may also be be made by cashier's check payable to the Clerk of the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A. Plaintiff's former counsel's Motion to Deposit Funds Into Court Registry [D.E. 80] is **GRANTED** as set forth herein.

B. Defendant's Motion for Disbursement of Funds [D.E. 83] is **GRANTED** as set forth herein.

**DONE AND ORDERED** in Chambers, at Miami, Florida this 11th day of April, 2011.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge